REUBEN SAWTELLS v. ALBERT M. HOWARD.

*Practice in Supreme Court—Costs—Arbitration and award—Equity practice—Specific performance.*

1. Where the appellee files no brief, neither party will be allowed costs on the affirmance of the decree.
2. An award by arbitrators, which in no manner conforms to the agreement of submission, will be disregarded.
3. It is not error to refuse to retain a bill for the specific performance of a land contract, for the purposes of an accounting and a computation of the amount due on the contract, where the matter of the only payment in dispute is determined by the court, and the main relief prayed for is denied on the ground that the contract price has not been fully paid.

Appeal from Shiawassee. (Newton, J.) Submitted on briefs January 9, 1895. Decided February 12, 1895.

Bill for the specific performance of a land contract. Complainant appeals. Decree affirmed. The facts are stated in the opinion.

*James M. Goodell,* for complainant.

LONG, J. May 11, 1882, defendant made a contract in writing with Reuben Sawtells and Willis Sawtells to sell to them 159½ acres of land in Shiawassee county for $6,000, payable as follows: A mortgage of $3,500, executed by defendant and wife to Spencer Wheeler, $500 or more on or before one year from date, and the balance in payments of $400 or more each year, with interest at 7 per cent. Subsequently, Willis Sawtells assigned his interest in the contract to Reuben Sawtells, his father. This bill is filed by Reuben Sawtells for a specific performance of the contract; he claiming that the moneys have all been paid, except the sum of $7, which he tendered before bill filed. The application and indorsement of all payments upon the contract is conceded by both parties, except the sum of $300. Complainant contends that this amount was paid, but never indorsed on the contract, while the defendant claims that it was included in an indorsement of $540 made on May 11, 1884. The court below, after a review of the evidence, concluded that the $300 was included in this indorsement, and that, therefore, the contract had not been paid up, and dismissed complainant's bill. Complainant appeals.

It appears that one Elmer Howard, in 1883, was indebted to the Sawtells, growing out of some dealings with them. Elmer worked for the defendant during that year, and, instead of defendant's paying him for the work, he gave Elmer the following receipt:

"Received of R. & W. Sawtells $300, by the hand of Elmer Howard, to apply on contract of land.

"Dated September 1, 1883."

It was agreed between the Sawtells, Howard, and Elmer Howard that this amount should be applied on the contract. At the time it was given, there was nothing due on the contract, but the receipt was evidently intended to apply upon the amount to grow due in the future. A payment was due on May 11, 1884, of $400 principal, and interest of $140, making $540, which was actually indorsed as paid. Complainant attempts to explain how this payment of $540 was made up, and claims that, though he held the receipt of $300, it was not included in the payment. The explanation he gives of the items making up the $540 is not very satisfactory; but, aside from this, as was said by the court below, "it seems incredible that, with this receipt in his possession at that time, the complainant should have forgotten all about it." We are satisfied that the court below was correct in finding that the $300 made up a part of the $540 indorsed.

Before the bill was filed in this cause, an agreement was entered into to arbitrate these differences. The arbitrators made an award finding there was still unpaid on the contract the sum of $542.71; but counsel for complainant contends that this agreement, and the award made thereunder, are wholly void. It is not important to discuss the questions raised thereunder, as we agree with that contention. The award in no manner conformed to the agreement of submission, and must be disregarded; but the evidence so strongly predominates in favor of defendant's contention that the $300 has been credited that we cannot escape the conviction that the court below was correct in so finding. It is said, however, that the bill should be retained for the purposes of an accounting, and a computation of the correct amount due on the contract. We do

not deem this necessary. The amount is not in dispute, except the $300; and, as the complainant has had credit for that amount, that is not now in dispute. Both parties know what is due, and complainant may pay or tender payment, and will then be entitled to his deed.

The decree below must be affirmed. Neither party will recover costs, as counsel for appellee filed no brief in this Court.

The other Justices concurred.